IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GERNER FALLIN,

    Petitioner,

v.                                                  Civil Action No. 1:16cv193
                                                    (Judge Keeley)

JOSEPH COAKLEY, Warden,

    Respondent.

## REPORT AND RECOMMENDATION

### I. Background

On September 29, 2016, the *pro se* Petitioner, Gerner Fallin, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. 2241, seeking to be credited with eleven months' time he spent at a drug treatment center as a pre-conviction condition of his release on personal recognizance. ECF No. 1. Petitioner paid his filing fee on November 3, 2016. ECF No. 5. On November 16, 2016, the undersigned made a preliminary review of the matter and determined that summary dismissal was not appropriate. Accordingly, the Respondent was directed to show cause why a writ should not be granted. ECF No. 6. On December 28, 2016, the Respondent moved for an extension of time. ECF No. 8. By Order entered the next day, Respondent's motion for an extension was granted. ECF No. 9. On January 26, 2017, the Respondent filed a Response to Order to Show cause and Motion to Dismiss, attaching a memorandum in support and numerous exhibits. ECF No. 11. On February 1, 2017, a Roseboro Notice was issued. ECF No. 14. On February 10, 2017, Petitioner filed a response. ECF No. 18.

## II. Facts

On February 27, 2014, Petitioner was arrested by the Baltimore, Maryland Police Department on charges of Possession with Intent to Distribute Cocaine, Cocaine Base and Heroin; Possession of a Firearm in Furtherance of a Drug Trafficking Crime; and Distribution of Cocaine Base, in Docket Nos. 114079026 and 114079027. Declaration of Robert Jennings ("Robert Jennings Decl."), Management Analyst, BOP Designation and Sentence Computation Center ("DSCC"), ECF No. 11-1, § 3 at 2.

On June 10, 2014, a Grand Jury sitting in the United States District Court for the District of Maryland indicted Petitioner in Case No. 1:14cr281-GLR-1 in Count One with Possession with Intent to Distribute Cocaine, Cocaine Base and Heroin and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; in Count Two with Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Aiding and Abetting, in violation of 18 U.S.C. § 924(c); 18 U.S.C. § 2; in Count Three with Possession with Intent to Distribute Cocaine, Cocaine Base, and Heroin, in violation of 21 U.S.C. § 841(a)(1); and in Count Four: with Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1). ECF No. 11-3. The Circuit Court of Maryland for Baltimore City, Maryland dismissed the state charges on June 17, 2014. Robert Jennings Decl., ECF No. 11-1, § 3 at 2.

On June 19, 2014, Petitioner had his initial appearance in federal court and was ordered to be detained, pending trial. See ECF No. 11-4 at 3.

On July 31, 2014, as a condition of release on his own recognizance, Petitioner was released to the Valley Bridge House, a residential substance abuse treatment program. See Order Setting Conditions of Release in the United States District Court for the District of Maryland in Case No. 1:14cr281-GLR-1, ECF No. 11-5.

On November 21, 2014, in United States District Court in Baltimore, Maryland, Petitioner pled guilty to Counts One, Two, and Three of the Indictment. See D. Md. Case No. 1:14cr281-GLR, ECF No. 35, available on PACER.

On February 13, 2015, Petitioner was sentenced to 12 months imprisonment on Counts One and Three, to run concurrently, and 60 months imprisonment on Count Two, to run consecutive to the sentences in Counts One and Three, for a total term of imprisonment of 72 months. See ECF No. 11-6 at 1 – 2. Petitioner surrendered to FCI Fairton in Fairton, New Jersey on that date, to commence serving his sentence. ECF No. 11-7 at 2.

Accordingly, the BOP prepared a sentence computation commencing on June 30, 2015, for total term of 72 months. The computation included prior custody credit from February 27, 2014, the date of Fallin's initial arrest, through July 31, 2014, the date he was released on his own recognizance to the drug treatment center, resulting in a projected release date of April 18, 2020. See Aug. 12, 2015 SENTRY computerized Sentence Computation Monitoring data for Gerner Fallin, Fed. Reg. No. 58015-037, ECF No. 11-8.

On August 12, 2015, the BOP's DSCC received a June 1, 2015 Amended Judgment in a Criminal Case, reflecting a reduction in Petitioner's sentence to twelve (12) months incarceration as to Counts One and Three, to run concurrently, and forty-eight (48) months as to Count Two, to run consecutive to the sentences in Counts One and Three, for a total term of imprisonment of sixty (60) months. See ECF No. 11-9. The DSCC updated Petitioner's federal sentence computation to reflect a total term of sixty (60) months with the same prior custody credit previously applied, from February 27, 2014, through July 31, 2014, resulting in a new projected Good Conduct Time ("GCT") release date of June 5, 2019. See Dec. 20, 2016 SENTRY

computerized Public Information Inmate data for Inmate Gerner Fallin, Fed. Reg. No. 58015-039, ECF No. ECF No. 11-2 at 2 - 5.

### III. The Pleadings

#### A. The Petition

The Petitioner raises two interrelated claims:

1) the BOP did not credit him with the 11 months he spent in a court-ordered community drug treatment center as a condition of his pretrial release; and

2) the fact that he did not receive the 11-month credit violated his due process rights. Id. at 6.

Petitioner contends he has exhausted his administrative remedies regarding his claims. Id. at 7.

As relief, he requests that the 11 months he spent in pre-trial drug treatment center be credited against his sentence. Id. at 8.

#### B. Respondent's Response and Motion to Dismiss

Respondent argues that the petition should be dismissed because

1) The BOP properly computed Petitioner's sentence, and he was properly credited to all time during which he was confined, prior to sentencing [ECF No. 11 at 7]; and

2) Petitioner was not in official detention while he was released on a personal recognizance bond before he was sentenced, thus he is not entitled to have that time credited against his federal sentence. Id. at 8.

Respondent concedes that Petitioner has fully exhausted his administrative remedies with regard to his claims. Robert Jennings Decl., ECF No. 11-1, § 10 at 4.

#### C. Petitioner's Response in Opposition

Petitioner reiterates his claim that his due process rights were violated when he accepted pretrial release into the drug rehabilitation facility, contending that he was not provided with sufficient information about it at the time to understand that he would not receive credit against

4

his future sentence for the time spent there. Accordingly, he argues that his acceptance of it was not knowingly and intelligently given. ECF No. 18.

## IV. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a

5

complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

When, as here, a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence"

favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248 -49.

## V. Analysis

### A. Whether Petitioner is entitled to credit against his sentence for 11 months in drug rehabilitation while on pretrial personal recognizance bond

Petitioner, while admitting that the United States Supreme Court's decision in Reno v. Koray[1] does not support his claim, nevertheless contends he believes he is entitled to credit for 11 months' time spent on in a drug rehabilitation center while on pretrial release on personal recognizance, from July 31, 2014 to June 30, 2015. ECF No. 1 at 5.

Respondent opposes the Petitioner's claim, asserting that because Petitioner was not in official detention while on pretrial personal recognizance bond, he is not entitled to have that time credited toward his federal sentence. ECF No. 11 at 8.

Petitioner's response in opposition only reiterates his claim that his real claim is that he was denied due process when he decided to go into the drug program, because he did not receive notice and a comprehension check to ensure he understood the consequences of the decision. ECF No. 18.

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). In addition, a defendant must

---

[1] Reno v. Koray, 515 U.S. 50 (1995).

be given credit 'for any time [s]he has spent in official detention prior to the date the sentence commences...that has not been credited against another sentence.' 18 U.S.C. 3585(b)" King v. DeBoo, 2012 WL 1119763, *2 (N.D. W.Va. Apr. 3, 2012) (Bailey).

Eighteen U.S.C. § 3585(a) states that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Likewise, the Fourth Circuit has held that "[a] federal sentence cannot commence prior to the date it is pronounced." United States v. McLean, 867 F.2d 609, 1989 WL 5457 (4th Cir. January 13, 1989). Finally, BOP Program Statement 5880.28, at page 1-13, states that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." Accordingly, as noted *supra*, Petitioner's federal sentence did not commence until June 30, 2015, the date he self-surrendered into the BOP's custody.

A determination of whether Petitioner has any entitlement to prior custody credit for time spent on pretrial release in the drug treatment facility towards his term of imprisonment is provided at 18 U.S.C. § 3585. That provision establishes that sentencing credit is available only for time spent in "official detention." 18 U.S.C. § 3585(b); see also Reno v. Koray, 515 U.S. at 55:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed[.]

18 U.S.C. § 3585(b).

Under the Bail Reform Act of 1984, codified at 18 U.S.C. § 3141, the court has two choices in its treatment of a criminal defendant awaiting trial or imposition of sentence: a defendant can either be "release[d]" on bail or "detained" without bail. Reno, 515 U.S. at 57. If a court believes it necessary, either to assure the future appearance of the person or the safety of the community, it

can order a defendant detained, "by issuing a "detention order" "directing that the person be committed to the custody of the Attorney General for confinement in a corrections facility," Id., citing § 3142(i)(2). Therefore, under the language of the Bail Reform Act of 1984, a defendant is only "detained" when committed to the Attorney General's custody; a defendant admitted to bail on restrictive conditions is "released." Id. at 57. Accordingly, "official detention" exists only when the BOP retains the discretion to transfer a prisoner from one penal or correctional facility to another, and credit for time spent in official detention is available only to defendants who were detained in a penal or correctional facility. Id. at 58. For purposes of obtaining sentencing credit, a critical distinction between defendants who are "released" and those who are "detained" is that "detained" defendants always remain subject to the control of the Attorney General, while "released" defendants are not in BOP custody and cannot be summarily relocated, except by judicial revocation or modification of the conditions of release. Id. at 63.

BOP Program Statement 5880.28 of the Sentence Computation Manual (CCCA of 1984), drafted in conjunction with *inter alia,* Reno v. Koray and 18 U.S.C. § 3585, reflects this, stating in pertinent part that

> time spent . . . as a condition of parole, probation or supervised release, is not creditable to the service of a subsequent sentence. In addition, a release condition that is highly restrictive," and that includes "house arrest," "electronic monitoring" or "home confinement;" or such as requiring the defendant to report daily to the U.S. Marshal, U.S. Probation Service, or other person; is not considered as time in official detention. **In short, under Koray, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of the bond or release on own recognizance, or as a condition of parole, probation or supervised release**."

BOP PS 5880.28, Sentence Computation Manual (CCCA of 1984) at page 1, 14G – 14H. (1999).

Further, "[t]he Fourth Circuit has held that "[c]onditions of release are not custody."" Burgos v. Thompson, 879 F. Supp. 37, 38 (N.D. W.Va. 1995) (quoting United States v. Insley,

927 F.2d 185, 186 (4th Cir. 1991)). In Insley, the appellant argued that the conditions of release of her appeal bond were so restrictive that they constituted "official detention." The Fourth Circuit disagreed:

> **For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration.**" United States v. Woods, 888 F.2d 653, 655 (10th Cir. 1989) (no credit under § 3585 for time spent at halfway house as condition of release). The conditions of release to which Insley was subjected did not rise to the level of physical incarceration.

Insley, 927 F.2d at 186 (4th Cir. 1991) (emphasis added).

The undersigned notes that Petitioner admits that "I understand that under Reno v. Koray . . . the U.S. Supreme Court held that I am not entitled to the credit." ECF No. 1 at 5. The undersigned agrees.

Petitioner was only entitled to credit for time spent in federal custody from the time of his February 27, 2014 arrest to the time of his July 31, 2014 pre-trial release to the drug rehabilitation facility, because he remained incarcerated then; thus, the Attorney General had full authority and discretion to determine the location and conditions of the detention. He has received credit against his sentence for that time. However, Petitioner's July 31, 2014 – June 30, 2015 stint in the drug treatment facility, as a condition of his personal recognizance bond, was a circumstance of pretrial release, determined by the court, outside of the control of the Attorney General. Accordingly, then, Petitioner is not entitled to credit against his sentence for the 11 months spent in drug rehabilitation prior to commencement of his sentence. See Villansenor v. Caraway, 2006 WL 1662919 (D. Minn., June 14, 2006) (citing Reno v. Koray).

**B. Due Process Claim**

After admitting that he understands that the Reno v. Koray decision does not support his claim that he is entitled to the eleven-month credit, Petitioner explains that:

> My issue is not that the (BOP) denied me the credits. The issue is that I was denied due process by the Court, because I was not advised by court nor [sic] counsel that I would not receive the credits if I choise [sic] to go to the drug program. I was not told of the consequences of accepting the drug program . . . I was not told I wouldn't receive the credits untill [sic] sentencing day.

ECF No. 1-1 at 1. Petitioner argues that "If I knew that I wouldn't receive the credit, I would have elected to stay detained." ECF No. 1 at 5. Further, he argues that neither the Respondent nor the BOP's responses to his administrative grievances have addressed this question, although the Declaration of Robert Jennings attached to Respondent's dispositive motion at least acknowledges he is making the claim. Id.; see also Decl. Robert Jennings, ECF No. 11-1, § 12 at 5.

As noted by Petitioner, Respondent's dispositive motion is silent on the issue.

Petitioner's response in opposition to the Respondent's dispositive motion reiterates this claim and cites to Justice Ginsburg's dissent in Reno:

> I write separately to point out that Koray has not argued before us that he did not elect bail intelligently, *i.e.,* with comprehension that time in the halfway house, unlike time in jail, would yield no credit against his eventual sentence. The Court thus does not foreclose the possibility that the fundamental fairness we describe as "due process" calls for notice and a comprehension check. *Cf.* Fed. Rule Crim. Proc. 11 (setting out information a court is to convey to assure that a defendant who pleads guilty understands the consequences of the plea).

Koray at 65.

Petitioner urges that this court consider Justice Ginsburg's dissent in Reno in deciding this issue, the undersigned advises Petitioner that this court is not bound by Judge Ginsburg's reasoning, because a dissenting opinion has no precedential value. See Raleigh Wake Citizens Ass'n v. Wake Cnty. Bd. of Elections, 827 F.3d 333, 342, 2016 U.S. App. LEXIS 12136, *14-15

(4th Cir. N.C. July 1, 2016). Merely because Justice Ginsburg believes that the Supreme Court may one day require notice and a comprehension check before permitting a defendant to decide whether to consent to pretrial conditions of release does not mean that the Supreme Court has already decided that it is required.

Therefore, the undersigned finds that Petitioner's claim that his due process rights were violated when he did not receive prior notice that his time in pre-trial drug treatment would not be credited against his future sentence fails. "Koray and Insley, which held that an individual's release on bond clearly does not constitute "official detention," and does not satisfy the requirements of 18 U.S.C. § 3585(b), were clearly established and controlling precedent at the time of Petitioner's arrest and subsequent release on a personal recognizance bond." Woods v. Revell, 2012 U.S. Dist. LEXIS 103406 * 9 - 10; 2012 WL 3043186 (E.D.N.C. July 24, 2012), *aff'd.* Woods v. Revell, 510 Fed. Appx. 277, 2013 U.S. App. LEXIS 3785 (4th Cir. N.C., 2013). Petitioner can hardly claim a due process violation for a liberty interest in a credit to a sentence, if he his release on bond never entitled him to one in the first place.

Accordingly, Petitioner's habeas petition is due to be dismissed for failure to state a claim upon which relief can be granted.

## VI. Recommendation

Based on the foregoing, the undersigned recommends that the Respondent's Motion to Dismiss, construed here as a Motion for Summary Judgment [ECF No. 11] be **GRANTED**, and the Petition [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file written objections with the Clerk of the Court identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such

objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to electronically to all counsel of record.

DATED: May 18, 2017

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE