IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**GERNER FALLIN,**

    **Petitioner,**

**v.**                            **CIVIL ACTION NO. 1:16CV193**
                                          **(Judge Keeley)**

**JOSEPH COAKLEY, Warden,**

    **Respondent.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 19] AND GRANTING RESPONDENT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 11]**

On September 29, 2016, the petitioner, Gerner Fallin ("Fallin"), filed the pending Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (Dkt. No. 1). In the Petition, Fallin argues that he was deprived of due process because neither his attorney nor his sentencing court notified him that he would not receive credit for time spent in a community drug treatment center as a condition of his pretrial release on personal recognizance (Dkt. No. 1-1). Pursuant to 28 U.S.C. § 636 and LR PL P 2, the Court referred the Petition to the Honorable James E. Seibert, United States Magistrate Judge, for initial review. After being directed to show cause why the Petition should not be granted (Dkt. No. 6), the respondent moved to dismiss the Petition or, in the alternative, for summary judgment (Dkt. No. 11).

In a Report and Recommendation ("R&R") dated May 19, 2017, Magistrate Judge Seibert recommended that Fallin's Petition be denied and dismissed with prejudice (Dkt. No. 19 at 12). Noting

**FALLIN V. COAKLEY**                                                    **1:16CV193**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 19] AND GRANTING RESPONDENT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 11]**

that Supreme Court precedent clearly establishes that Fallin is not entitled to credit, the R&R concluded that he "can hardly claim a due process violation for a liberty interest in a credit to a sentence, if [] his release on bond never entitled him to one in the first place." Id. The R&R also informed Fallin of his right to file any objections to the recommendations within fourteen (14) days following his receipt of the R&R. Id. at 12-13; see also 28 U.S.C. § 636(b)(1)(C). Although he received the R&R on May 23, 2017 (Dkt. No. 20), Fallin has not filed any objections.

This Court is required to review de novo only those portions of the magistrate judge's findings to which specific objection is made. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). "[T]he Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Id. at 604 (citing Camby, 718 F.2d at 199). Because Fallin has not filed any objections, the Court's review of the R&R is for clear error.

Upon review of the R&R and the record, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 19). Therefore, the Court:

**FALLIN V. COAKLEY**                                              **1:16CV193**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 19] AND GRANTING RESPONDENT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT [DKT. NO. 11]**

1. **ADOPTS** the R&R (Dkt. No. 19);

2. **GRANTS** the Respondent's Motion to Dismiss, or, in the Alternative, for Summary Judgment (Dkt. No. 11);

3. **GRANTS** the Respondent's Motion to File Document Under Seal (Dkt. No. 12); and

4. **DENIES** and **DISMISSES WITH PREJUDICE** the Petition (Dkt. No. 1).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail and return receipt requested.
DATED: June 13, 2017.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE